## CHARLES GOTTSCHALK *v.* HIS CREDITORS.

A syndic who has a surplus in his hands, after paying all the debts placed upon his tableau of distribution, is not bound to pay over such balance to the ceding debtor, if subsequent to the filing of the tableau new debts were discovered to exist. The syndic is bound to administer any surplus in his hands for the benefit of such newly discovered creditors, and until all the creditors are paid the assets in the hands of the syndic must be applied to the payment of the debts of the insolvent.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *St. Paul & Bouny,* for plaintiff and appellant. *A. & A. Pilot,* for defendants.

LEA, J. *Charles Gottschalk,* being embarrassed in his affairs, made an application to his creditors for a respite, which being refused, his application, in accordance with the provisions of the law, was converted into a surrender of his property. *B. Rodriguez,* who was appointed syndic, sold the surrendered assets and filed a tableau of distribution, showing a surplus of $1541 25, after paying all the debts on the tableau; several oppositions were made, and after trial, the tableau was reformed by the judgment of the court. From this judgment no appeal was taken.

To enforce the payment of the balance apparently due to the insolvent, as ascertained and recognized by the judgment of homologation, he obtained a writ of *fi. fa.* against the syndic personally. The syndic obtained an injunction restraining the execution of this judgment, on the ground that, subsequent to the filing of the tableau, new debts had been discovered, of which the syndic had no previous knowledge, and which, as syndic he was bound to protect, and which, when paid, would absorb the balance remaining in his hands, with the exception of about $20.

From a judgment dismissing a rule taken to set aside the injunction, *Gottschalk* has appealed. The syndic claimed the right, under the circumstances, to file another tableau before being compelled to pay over any balance to the ceding debtor.

We find no error to the prejudice of the appellant in the judgment appealed from, and the appellee has not asked for any amendment of the judgment in his favor. The District Judge abstained from rendering any judgment on the merits of the injunction suit, though the issues appear to have been presented on the trial of the rule. The only question, therefore, to be solved is whether a syndic who has a surplus in his hands after paying all the debts placed upon his tableau of distribution, duly homologated, can retain that surplus for the purpose of distributing the same among the newly discovered creditors of the insolvent.

The trust assumed by a syndic is that he will administer the assets surrendered by the insolvent for the benefit of his creditors. A tableau of distribu-

tion, duly homologated, constitutes, with some qualifications, a judgment con- clusive upon the creditors, so far as it affects the fund distributed; but the rights of creditors upon any part of the assets not distributed are not affected by such judgment, and the syndic is bound to administer any surplus in his hands for their benefit; and until all the creditors who have any claims against the insolvent are paid, the syndic who has any of the surrendered assets in his hands cannot be said to have fully administered his trust.

GOTTSCHALK
v.
CREDITORS.

In the case at bar, the syndic had assets in his hands which he contends were applicable to the payment of the debts of newly discovered creditors, and we find nothing in the evidence which would have justified the District Judge in setting aside the injunction on the grounds urged in the rule.

Whether the syndic has fully administered or not, and whether there are debts due by the ceding debtor yet unpaid, are questions of fact, which, under the pleadings, we think should be disposed of on the final adjudication, upon the issues in the injunction suit. At any rate, we think, under the pleadings and evidence, as presented in the record, the District Judge could not with propriety have set aside the injunction. The case of *Laforest* v. *His Creditors*, quoted in the brief of counsel is not in point. In that case the judgment was based upon the fact that all the assets surrendered had been distributed among the creditors, and that the functions of the syndic were consequently at an end.

Judgment affirmed.